■ BABYLON BROOK CORP., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 46016.) GREENBLOTT, J. Appeal from a judgment in favor of claimant, entered October 16, 1968 upon a decision of the Court of Claims, for the appropriation of claimant's lands in Suffolk County. Respondent, owner of a one-story motel in the Town of Babylon, was awarded $49,000 plus interest for the taking of 3,556 square feet of land for highway purposes. Prior to the taking, the property consisted of approximately 17,450 square feet, with a frontage of 161 feet on a service road of Sunrise Highway, a heavily traveled east-west artery. The land was improved by a "U" shaped, 13-unit, air-conditioned motel and adjacent restaurant. Appellant appropriated a 19-foot strip along the highway, resulting in the loss of parking, lawn and outside dining facilities. It became necessary to replace cesspools, gas and oil tanks, as well as to install water lines. The trial court awarded $25,012 for direct damages to land and improvements taken, and $23,988 for consequential damages. The State contends: (1) respondent's appraiser estimated damages for the temporary diminution in rental value of the motel during the period of construction. These figures were adopted by the trial court in finding consequential damages in excess of the State's appraisal; (2) since the trial court adopted the "before" value of the State's appraiser, it was improper to award direct damages for the land taken on a basis in excess of the value found by the State's appraiser; and (3) since respondent's proof as to the building improvements was of no evidentiary value, the trial court was not justified in awarding direct damages in excess of the figures of the State's appraiser. Let us first consider appellant's contention that the trial court predicated its award for consequential damages solely upon a lease which provided for a rent reduction during the highway construction. Although respondent's appraiser did not

label any portion of the damage as covering temporary diminution in rental value, we agree that by utilization of the reduced rent during the period of construction to establish "after" value, an improper measure of damages was employed. Thus no range for "after" value resulted. Furthermore, the trial court having failed to explain its award of $23,988 for consequential damages, the award for consequential damages cannot stand. (*Ridgeway Assoc.* v. *State of New York*, 32 A D 2d 851.) We note further that in arriving at his "before" value, respondent's appraiser improperly included lands along the existing highway owned by appellant and utilized by respondent for parking. We agree that the trial court, having accepted the "before" value testified to by the State's appraiser, improperly awarded direct damages for the land taken on a square foot basis in excess of that estimated by the State's appraiser. The trial court found the before value of the property to have been $142,000, the amount of the State's appraisal. However, it then erroneously awarded direct damages of $7,112 for the appropriation of 3,556 square feet of land on the basis of $2 per square foot, despite the State appraiser's estimate of $1.26 per square foot. Respondent's appraiser did not fix a separate value for the land. His "before" value included land and buildings as well as personalty on lands not owned by respondent. He also improperly attempted to employ the Davies Formula for depth adjustment. As a result, no range exists for direct damages to the land. (*Ridgeway Assoc.* v. *State of New York, supra.*) The trial court committed further error with respect to its award of $9,000 for damage because of building improvements taken. Although appellant's expert testified to a figure of $9,000 for direct damage to the building improvements, this included $7,400 for cost to cure, with the remaining $1,600 allocated to the building improvement taken. The trial court, apparently attempting to adopt the State's figures, awarded $7,400 for cost to cure, and then erroneously awarded $9,000 for building improvements. The proof offered by respondent with respect to the building improvements included damage for items not taken, such as exterior signs; masonry steps, sidewalks and curbing. We therefore conclude that respondent's proof presents a confusing and distorted picture to which no probative weight should be accorded. Again, since a range is not present, an award in excess of appellant's figures cannot stand. (*Ridgeway Assoc.* v. *State of New York*, 32 A D 2d 851, *supra.*) Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.